DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GLENDA MARTINEZ SMITH,**
Appellant,

v.

**J. ALAN SMITH,**
Appellee.

No. 4D14-1436

[June 29, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 502013DR002143.

Jennifer S. Carroll of Law Offices of Jennifer S. Carroll, P.A., Palm Beach Gardens, for appellant.

No brief filed for appellee.

***ON MOTION TO CERTIFY A QUESTION OF GREAT PUBLIC IMPORTANCE***

PER CURIAM.

We deny the motion for rehearing and rehearing en banc. We grant the motion to certify a question of great public importance.

The majority and dissent disagree on the effect of a statute which restricts the fundamental right to marry. "Marriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival." *Loving v. Virginia*, 388 U.S. 1, 12 (1967). Where a fundamental right is involved, the statute must be "strictly tailored to remedy the problem in the most effective way and must not restrict a person's rights any more than absolutely necessary." *Mitchell v. Moore*, 786 So. 2d 521, 527 (Fla. 2001). Section 744.3215(2), Florida Statutes (2013), which requires court approval of a marriage of a ward, whose right to contract has been removed but whose right to marry has not, affects the rights of wards of all types, although it particularly affects the elderly. Because of its implications on that fundamental right to marry and its potential impact on wards, the interpretation of that statute is a question of great public importance, and we certify the following question:

Where the fundamental right to marry has not been removed from a ward under section 744.3215(2)(a), Florida Statutes, does the statute require the ward to obtain approval from the court prior to exercising the right to marry, without which approval the marriage is absolutely void, or does such failure render the marriage voidable, as court approval could be conferred after the marriage?

WARNER and MAY, JJ., concur.
DAMOORGIAN, J., dissents with opinion.

DAMOORGIAN, J., dissenting.

I dissent because the ward did not lose his right to marry. Rather, his right to marry was made subject to court approval for his own protection. Strikingly absent from the majority's attempt to explain why this case is a matter of great public importance justifying the certified question, is any attempt to argue that the state does not have a compelling state interest in protecting those who are declared incompetent from becoming victims of nefarious conduct. Perhaps this is because the condition precedent imposed on the ward's right to marry is not unduly burdensome. The implication of the majority's certified question is to allow a ward to be victimized and then have the court system unravel the mess. I do not join in such an undertaking.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

2